IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL A. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-184 |
| | ) | |
| TARMARSHE SMITH; DESIREE JONES; JERMAINE WHITE; VERONICA STEWART; LT. SALDANA, Macon State Prison Night Shift Supervisor; COUNSELOR WALKER, Macon State Prison; SGT. MOORE, Telfair State Prison Tier Sergeant OIC; KAREN THOMAS; and DARRELL WOOTEN, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

Plaintiff filed his initial complaint on December 21, 2022, naming eight Defendants in a thirteen-page statement of claim asserting a multitude of unrelated claims regarding events taking place over the span of nine months at both Macon State Prison ("MSP") and Telfair

State Prison ("TSP"). (See doc. no. 1.) Upon screening Plaintiff's complaint on April 17, 2023, the Court determined it was a quintessential shotgun pleading of the type soundly condemned by the Eleventh Circuit Court of Appeals and improperly joined claims in contravention to Fed. R. Civ. P. 20(a)(2). (See doc. no. 16.) The Court gave Plaintiff fourteen days to file an amended complaint to address the pleading deficiencies. The Court also specifically warned Plaintiff not to not re-allege claims related to MSP and to limit any attached handwritten statement of claim to six pages. (Id. at 5.)

In a thirty-five page handwritten statement of claim, Plaintiff's amended complaint asserts both the same and additional unrelated claims occurring at both MSP and TSP, swapping out Defendant MSP Counselor Walker for Darrell Wooten, Deputy Warden of Business Administration at TSP. (See doc. no. 22, pp. 1-4.) Plaintiff's allegations are as follows.

Defendant Smith failed to timely provide Plaintiff a copy of a disciplinary report. (Id. at 7.) Defendant Smith also negligently supervised and trained MSP employees and did not view security footage showing Defendants committing wrongful acts, including Defendant Saldana assaulting and pepper spraying Plaintiff on September 24, 2022. (Id. at 14-16, 26, 37-38.) Defendants Jones and Wooten failed to comply with Court orders regarding IFP paperwork and fees in order to retaliate against Plaintiff. (Id. at 9, 20, 27, 41.) Defendant White failed to address grievances and violations of Plaintiff's constitutional rights at TSP, allowed Defendants to falsify documents responsive to grievances, and failed to follow proper procedures regarding grievances and disciplinary actions. (Id. at 8-9, 27-34.) Defendants White, Moore, Stewart, and Thomas denied Plaintiff sufficient outside recreation time, meals, showers, and ice. (Id. at 9-11, 16-18, 38-41.) Defendant Stewart also denied Plaintiff access to Courts and legal supplies as well as meals and water all in retaliation for grievances. (Id. at 11-13, 35-37.) Defendant Stewart further used

2

excessive force against Plaintiff by pepper spraying him. (Id. at 13-14.) Last, Defendant Thomas violated Plaintiff's due process rights during a hearing over a disciplinary report resulting in an incorrect punishment. (Id. at 17-19, 39.)

Throughout his amended complaint, Plaintiff baselessly imputes motives and repeats legal buzzwords with little explanation or factual development. Plaintiff claims he exhausted his administrative remedies and attaches thirty pages of grievance documents. (Id. at 44-45, 51-82.) For relief, Plaintiff requests $100,000 in damages per Defendant. (Id. at 43.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

3

Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008).  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863

F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). <u>See Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." <u>Weiland</u>, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. Third are those that do not separate each claim into a separate count. <u>See id.</u> at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." <u>Id.</u> at 1323.
> 
> . . . .
> 
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which

5

relief can be granted.  See Weiland, 792 F.3d at 1320.  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court told Plaintiff his complaint amounted to a quintessential shotgun pleading and further violated Fed. R. Civ. P. 20.  The Court warned him failure to correct pleading deficiencies would result in the Court recommending dismissal.  (Doc. no. 16, pp. 5; doc. no. 19; doc. no. 21.)  The Court provided Plaintiff with explicit instructions for amending his complaint, including instructions to limit his handwritten attachment to six pages.  (Doc. no. 16, pp. 4-7.)  In response, Plaintiff failed to correct the pleading deficiencies and disregarded the page limit.  Instead, he has filed yet another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of unrelated claims in violation of Rule 20.

The Eleventh Circuit has affirmed dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).  Plaintiff's disregard of the Court's instructions has resulted in the submission of a shotgun amended complaint which amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

6

Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.). Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Further, the Court has already given Plaintiff an opportunity to remedy his pleading deficiencies, to no avail. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies); see also Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint and for submission of a clearly defective amended complaint that fails to state a claim upon which relief can be granted against any defendant.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA